UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

VISIONGLOBAL CONSULTING, INC.,                         Case No.: 1:15-cv-3868

                    Plaintiff,

         -against-                                              **COMPLAINT AND**
                                                                **JURY TRIAL DEMAND**

FENG ZHAN,
WEI XIN WIRELESS CONSULTING, INC.
and WEI XIN CONSULTING, INC.,

                    Defendants.
_____

         Plaintiff, VISIONGLOBAL CONSULTING, INC., as and for its complaint,

hereby through and by its attorney(s) AMERICAN LAW GROUPS, PLLC, by ZHIJUN

LIU, Esq., alleges as follows:

**NATURE OF THE CASE**

         1.      Plaintiff, VISIONGLOBAL CONSULTING, INC. is a company

incorporated under the laws of the State of New York.  On December 26, 2012, Plaintiff

registered and created a company's website with the domain name of

"VISIONGLOBALUS.COM", providing and advertizing business and finance consulting

service to the public. See Ex 1 hereto.  Also, since December of 2012, Plaintiff has done

business under the Chinese name of "威信" translated into Latin/English words as "Wei

Xin".

         2.      Defendants in this case include a former individual contractor of Plaintiff,

Feng Zhan, and two companies operated by Feng Zhan.  On May 4, 2014, Defendant,

Feng Zhan created a website with the domain name of "WEIXINUS.COM" operated by

WEI XIN WIRELESS CONSULTING, INC.  Said website has copied and used exact same contents from Plaintiff's website without Plaintiff's permission.  On August 21, 2014, Defendant, Feng Zhan created a website with the domain name of "WEIXINCONSULTING.COM" operated by WEI XIN CONSULTING, INC.  Said website has copied and used exact same contents from Plaintiff's website without Plaintiff's permission.  Plaintiff's name even shows on Defendant's website.  See Ex 2 hereto.  Defendant, Feng Zhan, has copies and used Plaintiff's work products such as Client Profile form and Professional Service Agreement form without Plaintiff's permission.

3.      By this action, Plaintiff seeks to stop Defendants' unauthorized use and misappropriation of Plaintiff's works and to obtain compensatory and punitive damages based on Defendants' willful misconducts.


## PARTIES, JURISDICTION AND VENUE

4.      Plaintiff, VISIONGLOBAL CONSULTING, INC. is a New York corporation with a principle place of business at 141-47 Northern Blvd., 2nd Floor, Flushing, NY 11354.

5.      Upon information and belief, Defendant, Feng Zhan is an individual residing at 220-43 67th Avenue, Oakland Gardens, NY 11364.

6.      Upon information and belief, Defendant, WEI XIN CONSULTING, INC. operating financial consulting business at 39-15 Main Street, Suite 209, Flushing, NY 11354.  Its corporation registration record may not be found in the New York State Department's website.

7.      Upon information and belief, Defendant, WEI XIN WIRELESS

CONSULTING, INC. operating financial consulting business at 39-15 Main Street, Suite

209, Flushing, NY 11354.  Its corporation registration record may not be found in the

New York State Department's website.

8.      This Court has personal jurisdiction over Defendants in that Defendant,

Feng Zhan resides and conducts business in this District, and Defendants, WEI XIN

CONSULTING, INC. and WEI XIN WIRELESS CONSULTING, INC. each have their

principle place of business in Queens County and regularly transact business in this

District.

9.      This case arises under the Copyright Act, 17 U.S.C. §101, *et seq*.  This

Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), and

28 U.S.C. §1338 (acts of Congress related to copyright).

10.     Venue is proper is this District pursuant to 28 U.S.C. §§ 1391 (b) and

1400 (a) because Plaintiff maintains office and conducts business in this District, and

Defendants maintains office and conducts business in this District.


### FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

11.     Plaintiff was established on December 6, 2012.  It provides business and

finance consulting service.

12.     On December 26, 2012, Plaintiff registered and created a company's

website with the domain name of "VISIONGLOBALUS.COM", providing and

advertizing business and finance consulting service to the public. Also, since December

of 2012, Plaintiff has done business under the Chinese name of "威信" translated into

Latin/English words as "Wei Xin".  Plaintiff has invested substantial sums of money, as

well as time, efforts and professional knowledge to create the website contents and work

forms.

13.     In January, 2014, Plaintiff recruited Defendant, Feng Zhan as an

individual contractor.  Plaintiff allowed Defendant to have the access to Plaintiff's

Google Drive which contains Plaintiff's database, including website contents, all the

clients information and office work forms.  Defendant, Feng Zhan downloaded Plaintiff's

database into his personal laptop.

14.     On April 10, 2014, Plaintiff terminated the contractor relationship with

Defendant, Feng Zhan based on his unprofessional conducts.  Plaintiff demanded

Defendant, Feng Zhan to sign the termination agreement in which included no

competition clause.  Defendant, Feng Zhan refused to sign.  Plaintiff further demanded

Defendant, Feng Zhan to delete Plaintiff's database information in his personal laptop.

Defendant, Feng Zhan refused.

15.     On May 20, 2014, Defendant, Feng Zhan filed a endorsed complaint

against Plaintiff, under the Index number of CV-014987-14/OU, with the Civil Court of

the City of New York in Queens county, requesting for wage and commission.

Defendant, Feng Zhan repeatedly demanded Plaintiff to provide all the clients

information, all the business records, all the employment and staff records, and all the

revenues records.

16.     In or about February, 2015, a client came to Plaintiff's office and

complained about the unprofessional service by a finance consulting company.  To

Plaintiff's surprise, Plaintiff found out that Defendant, Feng Zhan used Plaintiff's work

forms and agreement, operating a business and finance consulting business at a location four blocks away from Plaintiff's office. Plaintiff further found out that Defendant, Feng Zhan created "WEIXINUS.COM" on May 4, 2014, operated by WEI XIN WIRELESS CONSULTING, INC., and he created "WEIXINCONSULTING.COM" on August 21, 2014, operated by WEI XIN CONSULTING, INC. Said two websites contain exact same contents from Plaintiff's website without even changing Plaintiff's name to their own names, without Plaintiff's permission. Defendants deliberately and intentionally copied all the contents from Plaintiff's website.

17.     The public seek for business and finance consulting service online are confused because the identical contents of Plaintiff's website and Defendants' websites.

## COUNT I

## COPYRIGHT INFRINGEMENT

18.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 of its Complaint as though fully set forth herein.

19.     By the actions alleged in this Complaint, Defendants have infringed and, unless enjoined by this Court, will continue to infringe Plaintiff in and relating to its works. Defendants have engaged in displaying publicly and distributing Plaintiff's works to the public on an unlimited and unrestricted basis without permission. Plaintiff is entitled to receive all appropriate injunctive relief, including but not limited to the relief available under 17 U.S.C §§ 502-503.

20.     Plaintiff is further entitled to recover from the Defendants the damages, including attorney's fees, it has sustained and will sustain, and any gains, profits and

advantages obtained by Defendants as a result of Defendants' willful acts of infringement alleged in this Complaint, including but not limited to such damages and awards as are available under 17 U.S.C. §§ 504-505.

## COUNT II

## DECEPTIVE PRACTICES UNDER NEW YORK'S GENERAL BUSINESS LAW

21. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 of its Complaint as though fully set forth herein.

22. The acts of Defendants as alleged herein have deceived or misled, or have a tendency to deceive or mislead the public.

23. The acts of Defendants as alleged herein have caused harm to the public.

24. Defendants' false and misleading representations of fact and conduct have influenced the public's business decisions.

25. By reasons of Defendants' knowingly false and misleading representations of fact and conduct, Defendants have violated N.Y. Gen. Bus. Law § 349.

26. By reasons of Defendants' acts herein alleged, Plaintiff, as well as the public, has been injured.

27. Plaintiff has suffered and will continue to suffer substantial irreparable harm unless Defendants are restrained from its wrongful conduct.

28. Plaintiff has no adequate remedy at law.

29. Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages, costs, disbursements, and attorney's fees.

## COUNT III

### FALSE ADVERTISING UNDER NEW YORK'S GENERAL BUSINESS LAW

30.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 of its Complaint as though fully set forth herein.

31.     In connection with the marketing and advertising of their business and finance consulting service through their websites, in violation of N.Y. Gen. Bus. Law §350, Defendants have intentionally and willfully made, published, disseminated, circulated, and placed before the public advertisements containing false, deceptive, and misleading statements about both their own service products as well as Plaintiff's service products in the context of commercial marketing in the State of New York and elsewhere.

32.     By reason of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill.

33.     Pursuant to N.Y. Gen. Bus. Law §350 (e), Plaintiff entitled to enjoin Defendants' unlawful conduct as well as obtain damages, costs, disbursements, and attorney's fees.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

34.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 33 of its Complaint as though fully set forth herein.

35.     As described above, Defendants have engaged in false and misleading representations and omissions and engaged in deceptive conduct.

36.     Defendants' conduct deceived or is likely to deceive the clients and

potential clients who seek business and finance consulting service.

37.     Defendants' false and misleading representations and deceptive conduct

are material in the same were and are likely to affect the clients and potential clients who

seek business and finance consulting service.

38.     Defendants have engaged in unfair competition under common law of the

State of New York.

39.     As a direct result of said deceptive conduct, Plaintiff has sustained and is

likely to continue to sustain damages.

40.     Plaintiff has no adequate remedy at law.

41.     Plaintiff is entitled to exemplary and punitive damages by reason of

Defendants' willful, reckless, deliberate and intentional conduct.


## COUNT V

## UNJUST ENRICHMENT

42.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 41

of its Complaint as though fully set forth herein.

43.     Defendants have been enriched by the use of Plaintiff's website contents,

work forms and similar confusing Chinese business name.  The circumstances are such

that equity and good conscience require the Defendants to make restitution in amount to

be proven at trial.

**WHEREFORE**, Plaintiff demands judgment:

A.      Preliminary and permanently enjoining and restraining Defendants, their officers, directors, shareholders, agents, employees, and attorneys and all those acting in connect with them from:

1.      Utilizing or depict Plaintiff's works in any medium;

2.      Utilizing any Chinese name with the Latin/English spelling as "Wei Xin";

B.      Requiring Defendants to take corrective action to correct all erroneous impressions that have been created concerning the nature, ownership or authorization regarding Plaintiff business and finance consulting service, including without limitation, the placement of corrective advertising and sending of corrective notifications;

C.      Ordering that Defendants file with this Court and serve upon Plaintiff within twenty (20) days after the service of such injunction, and affidavit sworn to under penalty of perjury, setting forth in detail the manner and form in which Defendants have complied with such injunctions;

D.      Ordering an accounting of all revenue received by Defendants as a result of their unlawful conduct;

E.      Awarding Plaintiff: 1) Defendants' profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or their deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action;

F.      Awarding Plaintiff punitive damages in an amount to be determined;

G.      Awarding Plaintiff prejudgment and post-judgment interest on any monetary award in this action;

H.      Awarding Plaintiff reasonable attorney's fees;

I.      Granting such other and further relief as to this Court deems just and

proper.


Dated:  Flushing, New York
          July 1, 2015

                            AMERICAN LAW GROUPS, PLLC


                            By: __/S/ ZHIJUN LIU _____
                                ZHIJUN LIU, Esq.
                                Attorney(s) for Plaintiff
                                136-20 38th Avenue, 3G
                                Flushing, New York11354
                                Tel: 718-395-8899
                                Fax: 718-395-8898

## <u>JURY TRIAL DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38 (b), Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:   Flushing, New York
           July 1, 2015

AMERICAN LAW GROUPS, PLLC


By: __/S/ ZHIJUN LIU_____
         ZHIJUN LIU, Esq.
         Attorney(s) for Plaintiff
         136-20 38th Avenue, 3G
         Flushing, New York11354
         Tel: 718-395-8899
         Fax: 718-395-8898